UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONIA BUSH,

                        Plaintiff,

    -against-                                  05 Civ. 7012 (RJH)

                                              **MEMORANDUM OPINION**
O.P.E.I.U. LOCAL 153,                    **AND ORDER**

                        Defendant.

       Plaintiff Tonia Bush brings this action pro se against Local 153, Office and Professional Employees International Union, AFL-CIO (the "Union"), asserting claims arising out of the denial of two promotions and the eventual termination of her employment at Fordham University ("Fordham") on March 2, 2005.[1]  Plaintiff alleges that the Union failed to stop Fordham from illegally discriminating against her by denying her promotions, creating a hostile work environment, and retaliating against her for filing charges with the EEOC.  Plaintiff contends that the Union violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000 *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981, the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.*  Plaintiff also asserts a state law claim for intentional infliction of emotional distress.

---

[1] Plaintiff alleges, and the Union does not dispute, that she was a member of the Union during the relevant time period of this action.  (Compl. ¶ 6.)

The Union has moved to dismiss the Complaint.  For the reasons set forth below, the Union's motion [17] is granted.

## DISCUSSION

**I.      Motion to Dismiss**

Under the pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure, complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff."  *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005).  In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), the Supreme Court explained that, in order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  The Second Circuit has explained that *Twombly* imposes a plausibility requirement on pleadings under Rule 8, but does not, as a general matter, change the Rule 8 pleading standard: "the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  *Iqbal v. Hasty*, No. 05-5768, --- F.3d ---, 2007 U.S. App. LEXIS 13911, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007).

Because plaintiff is proceeding pro se, the Court must liberally construe her pleadings, and must interpret his Complaint to raise the strongest arguments it suggests.  *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the

court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**II.     Analysis**

The Union argues that plaintiff is collaterally estopped from bringing this action. For a party to be collaterally estopped from raising an issue, there must have been a prior proceeding in which the party had a full and fair opportunity to litigate, and which involved an issue that (1) was identical to the issue in the current proceeding, (2) was actually litigated and decided, and (3) was necessary to support a valid and final judgment on the merits. *See Flaherty v. Lang*, 199 F.3d 607, 613 (2d Cir. 1999). The doctrine of collateral estoppel may be invoked by one who is not a party to the original action. The only requirement is that the party against whom the doctrine is applied must have had the opportunity to litigate the merits of the issue in the prior action. *See Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971). The court is not required to permit "repeated litigation of the same issue as long as the supply of unrelated defendants holds out." *Id.*

Plaintiff previously filed a complaint in this Court captioned *Bush v. Fordham University*, 04 Civ. 1847 ("*Bush I*"). In *Bush I*, plaintiff alleged that Fordham discriminated against her by denying her promotions, creating a hostile work environment, and retaliating against her for filing charges with the EEOC. Indeed, the factual allegations and claims for relief in *Bush I* are identical in all material respects to those asserted in this case (hereinafter, "*Bush II*"), except for the fact that plaintiff dropped the Union as a defendant in *Bush I* when she filed her Second

Amended Complaint.[2]  On September 25, 2006, this Court ruled that Fordham neither discriminated nor retaliated against plaintiff in connection with her employment at Fordham.  *See Bush v. Fordham Univ. (Bush I)*, 452 F. Supp. 2d 394, 399 (S.D.N.Y. 2006).  With respect to plaintiff's failure-to-promote claim, the Court found that plaintiff did not satisfy the objective criteria for promotion and had submitted no evidence that might suggest that Fordham developed the promotion criteria to exclude minority applicants or that Fordham failed to apply the criteria to nonminority candidates.  *See Bush I*, 452 F. Supp. 2d at 410–12.  The Court also rejected her hostile work environment claim on the ground that plaintiff had failed to allege facts sufficient to show that a personal feud with a co-worker and unspecified verbal abuse from a supervisor were motivated by racial discrimination.  *See id.* at 414.  Finally, the Court rejected plaintiff's retaliation claim, concluding that "direct evidence of retaliatory animus is plainly lacking." *Id.* at 416.  For all of these reasons, the Court granted Fordham's motion for summary judgment, dismissing the complaint in its entirety.[3]

Upon careful review of the pleadings in the instant case, the Court concludes that the issues now before this Court were already litigated and decided in *Bush I*.  In both cases, plaintiff claims that she was discriminated against on account of her race, in violation of Title VII, 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York City Human Rights Law.  The two complaints are based on the same underlying occurrences.  Nothing in the record indicates that plaintiff did not have a full and fair opportunity to litigate these claims in *Bush I*.

---

[2] Bush later attempted to file a Third Amended Complaint naming Local 153 as a defendant, but because she failed to include a copy of the right-to-sue letter from the EEOC or to provide the Court with an explanation why the complaint was timely, Magistrate Judge Frank Maas denied Bush's application to amend the complaint.  (*See* Order, 04 Civ. 1847 (May 23, 2005) [32].)

[3] Plaintiff also named Fordham as a defendant in *Bush II*, but on October 17, 2006, this Court held that plaintiff's claims against Fordham were barred by res judicata, and the Court dismissed plaintiff's claims against Fordham with prejudice.  (*See* Order, 05 Civ. 7012 (Oct. 17, 2006) [11].)

Finally, the Court concludes that the issues litigated in *Bush I* were "necessary to support a valid and final judgment on the merits." *Flaherty*, 199 F.3d at 613. The Court's conclusion in *Bush I* that the record did not "support a reasonable inference that prohibited race discrimination occurred," *Bush I*, 452 F. Supp. 2d at 418, was necessary there, as here, in resolving the issues. Accordingly, the doctrine of collateral estoppel bars plaintiff from bringing these claims against the Union.[4]  *See Jeffreys v. Teamsters Local Union No. 1150*, No. 97 Civ. 1538 (AHN), 2001 U.S. Dist. LEXIS 7368,  2001 WL 506760, at *4 (D. Conn. Feb. 28, 2001), *aff'd* 28 F. App'x 92 (2d Cir. 2002) (dismissing case against union on collateral estoppel grounds where case relied upon issues decided against the plaintiff in an unsuccessful earlier action against his employer).

Finally, the Court acknowledges that plaintiff's statements in the Complaint regarding the Union's alleged failure to protect her rights and pursue her claims against Fordham under the collective bargaining agreement could be read as an allegation that the defendant breached its duty of fair representation, in violation of Section 9 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(a), and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. However, the limitation period for a breach of duty of fair representation is six months. *See Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983). Even if such a claim were timely, however, the claim would be barred because, to succeed on a breach of duty of fair representation claim, an employee must prove improper action against him by the employer, a breach of duty by the union, and a "causal nexus between the two." *Mulvihill v. Top-Flite Golf*

---

[4] The Union also argues that plaintiff's Title VII claims are not timely filed. The record contains a copy of the determination by the Equal Employment Opportunity Commission ("EEOC") dismissing her charge on March 31, 2005, which gave plaintiff 90 days, or until June 29, 2005, to file a federal suit. (*See* EEOC Charge of Discrimination (Mar. 17, 2005), annexed to the Complaint.); 42 U.S.C. § 2000e-5(f)(1); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) ("In order to be timely, a claim under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter."). Because the Complaint was filed on August 5, 2005, plaintiff's Title VII claims against the Union are not timely.

*Co.*, 335 F.3d 15, 20 (1st Cir. 2003); *see UPS v. Mitchell*, 451 U.S. 56, 67 (1981) (stating that to prevail in a breach of the duty of fair representation, an employee must first show that an adverse employment action was contrary to the Union contract).

Because plaintiff has no viable federal claims against the Union, her remaining state law claim belongs in state court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); *Sadallah v. City of Utica*, 383 F.3d 34, 39–40 (2d Cir. 2004) (citing *Gibbs* in directing district court to enter judgment for defendants on federal law claims and to dismiss any state law claims without prejudice). Accordingly, plaintiff's remaining state law claim, for intentional infliction of emotional distress, is hereby dismissed without prejudice.

## CONCLUSION

For the reasons stated above, the Union's motion to dismiss [17] is granted. The Clerk of the Court is requested to close this case.

SO ORDERED.

Dated: New York, New York
       August 6, 2007

_____
Richard J. Holwell
United States District Judge

6